IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ARTHUR PHILLIPS                    :

   v.                               :   Civil Action No. DKC 14-0980

DR. COLIN OTTEY, et al.            :

**MEMORANDUM OPINION AND ORDER**

Plaintiff Arthur Phillips ("Plaintiff") filed a motion for leave to file a supplemental complaint pursuant to Fed.R.Civ.P. 15(d). (ECF No. 92). Defendants Colin Ottey, Ava Joubert, Greg Flury, Katie Winner, Carla Buck, Kristi Cortez, and Wexford Health Sources, Inc. ("Defendants") opposed this motion (ECF No. 96), and Plaintiff replied (ECF No. 101). Plaintiff subsequently supplemented his motion with a copy of his proposed supplemental complaint at the court's instruction. (ECF Nos. 107; 108; 117).

As the court previously noted, leave to file a supplemental complaint should be freely granted, and denied only where good reason, such as prejudice to the defendant, exists. (ECF No. 107, at 19 (citing *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002)). The operative pleading in this action is Plaintiff's amended complaint, which identified the relevant time period of Plaintiff's allegations as March 6, 2013, through

March 8, 2014, and alleged that all of the violations occurred while Plaintiff was incarcerated at North Branch Correctional Institution. (ECF No. 45 ¶¶ 7, 27). The amended complaint did not allege ongoing harm or seek injunctive relief. Plaintiff's supplemental complaint covers the period from March 9, 2014, through the date of its filing, November 28, 2016. (ECF No. 117 ¶ 1). It details additional allegations of deficient medical care pertaining to the same knee injury and skin disorder and seeks both damages and injunctive relief. (*Id.* ¶¶ 41-42). Plaintiff alleges that all nurses, physician assistants, physicians, and other health care professionals who provided care to Plaintiff during this time were agents, servants, or employees of Defendant Wexford Health Sources, Inc., and acted within the scope of that agency, service, or employment. (*Id.* ¶¶ 3-4). The supplemental complaint is offered in support of Plaintiff's existing causes of action under the First and Eighth Amendments to the United States Constitution, and Articles 19, 24, and 25 of the Maryland Declaration of Rights, and does not add causes of action or parties. (*Id.* ¶ 1).

Plaintiff previously settled a suit against a different medical contractor and his health care providers that alleged similar civil rights violations related to the same health conditions. *See* Order, *Phillips v. Murray, et al.*, No. DKC-11-0302 (D.Md. Nov. 19, 2012), ECF No. 85; Stipulation, *Phillips*,

No. DKC-11-0302 (D.Md. Mar. 4, 2013), ECF No. 90. The instant suit involves nearly identical claims, relating to the treatment of the same underlying medical conditions, primarily at the same correctional institution, and even involves some of the same medical professionals. The alleged violations here date from just two days after the filing of the stipulation of dismissal in Plaintiff's previous suit. Given the ongoing nature of Plaintiff's allegations, it is in the interest of judicial economy to allow Plaintiff to supplement his amended complaint to allow this litigation fully to address his medical care and treatment since March 6, 2013, rather than force Plaintiff to file a third suit on these same issues to address his care from 2014 through the present.

While Plaintiff's proposed supplemental complaint does extend the relevant time period of his claims and incorporates his medical care while at Patuxent Institution, granting leave to file the supplemental complaint will not prejudice Defendants. Plaintiff was receiving care from providers employed by Defendant Wexford Health Sources, Inc., at all relevant times and institutions, and it does not appear from the parties' briefing that these new allegations will require significant discovery. Plaintiff has already been deposed, at least in part, regarding his current medical treatment (*see* ECF No. 101, at 3-5), and Plaintiff previously requested all of his

medical records in discovery (*see* ECF No. 85-2).[1]  Moreover, discovery is not scheduled to close until January 27, 2017. (ECF No. 112).  The interests of judicial economy will be best served by considering all of Plaintiff's allegations of past and ongoing deficient medical care for these conditions together.

For the foregoing reasons, it is this 6th day of December, 2016, by the United States District Court for the District of Maryland, ORDERED that:

1.  The motion for leave to file supplemental complaint filed by Plaintiff Arthur Phillips (ECF No. 92) BE, and the same hereby IS, GRANTED;

2.  Plaintiff Arthur Phillips's supplemental complaint (ECF No. 117) is deemed filed and served; and

3.  The clerk will transmit copies of this Memorandum Opinion and Order to counsel for the parties.

                                                       /s/
                                   DEBORAH K. CHASANOW
                                   United States District Judge

---

[1] Defendants' motion for a protective order relating to the production of Plaintiff's Patuxent Institution mental health records from 2015 and 2016 (ECF No. 85), suggests that discovery has not been limited to Plaintiff's care at North Branch Correctional Institution or to the timeframe of the amended complaint.