IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ARTHUR PHILLIPS                    :

    v.                              :   Civil Action No. DKC 14-0980

DR. COLIN OTTEY, et al.            :

**MEMORANDUM OPINION AND ORDER**

Presently pending and ready for resolution in this case is a motion for protective order, filed by Defendant Wexford Health Sources, Inc. ("Defendant"). (ECF No. 103). Defendant objects to the majority of the topics Plaintiff Arthur Phillips ("Plaintiff") noticed for its deposition. Plaintiff responded (ECF No. 109), and Defendant replied (ECF No. 115).

The scope of discovery is limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," and may be further limited in scope, frequency, and extent by the court. Fed.R.Civ.P. 26(b). For good cause shown, the court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order prohibiting the disclosure or proscribing terms or a method for the discovery. Fed.R.Civ.P. 26(c).

Pursuant to Fed.R.Civ.P. 26(c), a motion for protective order "must include a certification that the movant has in good

faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Similarly, Local Rule 104.7 requires counsel to "confer with one another concerning a discovery dispute and make sincere attempts to resolve the differences between them." The Local Rule requires the moving party to file "a certificate reciting (a) the date, time, and place of the discovery conference, and the names of all persons participating therein, or (b) counsel's attempts to hold such a conference without success; and (c) an itemization of the issues requiring resolution by the Court" for the court to consider any discovery motion.

Defendant's motion includes a Local Rule 104.7 Certification certifying:

> [O]n August 23, 2016, Plaintiff's counsel provided a draft of the Rule 30(b)(6) notice of deposition to Wexford Health Sources, Inc. to defense counsel. On September 14, 2016, defense counsel provided Wexford's objections to the draft notice of deposition to Plaintiff's counsel. On September 22, 2016, Plaintiff's counsel served the notice of deposition without alteration.

This certification does not mention, however, Plaintiff's counsel's attempt on September 16 to narrow the scope of the deposition in response to Defendant's objections, although it is described in Defendant's memorandum of law (ECF No. 103-1, at 2-3). Defendant apparently did not respond to Plaintiff's counsel's email. Defendant's certification also makes no

mention of an attempt to resolve this dispute after the deposition notice was served. Defendant has not demonstrated that it conferred or attempted to confer with Plaintiff to resolve these discovery issues in good faith, and accordingly, its motion will be denied.

Although Defendant's motion will be denied, Plaintiff did previously indicate that the scope of the deposition could be narrowed. He is encouraged, therefore, to focus Defendant's deposition on those topics that are relevant and important. In addition, the privilege issues identified by Defendant in its motion may be raised appropriately during the deposition and, if necessary, through the preparation of a privilege log.

Accordingly, it is this 27th day of December, 2016, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion for protective order filed by Defendant Wexford Health Sources, Inc. (ECF No. 103) BE, and the same hereby IS, DENIED; and

2. The clerk will transmit copies of this Memorandum Opinion and Order to counsel for the parties.

_____/s/_____<br>
DEBORAH K. CHASANOW<br>
United States District Judge